IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT C. HEDGES, JR., )
 )
                Plaintiff, )
 )
v. ) Case No. 14-1269-JWL
 )
ALLSTATE VEHICLE AND PROPERTY )
INSURANCE COMPANY, )
 )
                Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to dismiss Counts 2, 3, and 4 of plaintiff's amended complaint (Doc. # 14). For the reasons set forth below, the motion is **granted**, and the Court hereby dismisses those claims. Plaintiff is granted leave, however, to amend those claims, on or before **November 10, 2014**, to cure the pleading deficiencies noted herein.

### **I.     Background**

By this action, plaintiff, a Kansas resident and an insured of defendant insurer, alleges that he owns property in Kansas that suffered damage after a fire in October 2012, and that defendant has failed to resolve and pay his insurance claim. Plaintiff initiated this suit in state court in July 2014, and defendant removed the case to this

Court. By his petition, plaintiff asserted claims of breach of contract, outrage, "misrepresentation", and "fraud"; he alleged actual and consequential damages on each claim in excess of $75,000; and he also sought punitive damages and statutory attorney fees. After defendant filed a motion to dismiss the tort claims, plaintiff filed a short response brief, in which he argued that his amended complaint, which he had filed contemporaneously, rendered the pending motion moot (the Court subsequently agreed and mooted the first motion). In the amended complaint, plaintiff added a few factual allegations in the second and third counts, and he increased the amount of his alleged actual damages for the three tort claims to an amount in excess of $150,000, an amount in excess of $225,000, and an amount in excess of $300,000, respectively.

In response to the amended complaint, defendant has again moved to dismiss the three counts asserting tort claims. In response, plaintiff filed the same short brief (containing approximately one full page of text) that he filed in response to defendant's first motion. In that brief, plaintiff argues that the amended complaint, with its additional facts and damage amounts, sets forth meritorious claims pleaded in sufficient detail, and that any defects originally argued by defendant have been cured. Plaintiff, however, has not addressed any of the particular arguments raised by defendant in the motion to dismiss the amended complaint.

## II.     Governing Standards

The Court's consideration of a motion to dismiss is governed by the following standards.  The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.   Analysis

Defendant first argues that plaintiff may not separately maintain his tort claims—or seek punitive damages as a remedy on those claims—because they are based on the same conduct that underlies plaintiff's contract claim, namely, the failure to pay and investigate properly plaintiff's insurance claim. In seeking dismissal of plaintiff's outrage claim, defendant cites *Spencer v. Aetna Life & Casualty Co.*, 227 Kan. 914 (1980), in which the Kansas Supreme Court held that Kansas[1] did not recognize the tort of bad faith as alleged by an insured against an insurer. *See id.* *Spencer* is of limited relevance, here, however, because plaintiff has not asserted such a claim in this case. Indeed, the court in *Spencer*, in reviewing rationales for rejecting such a cause of action, noted that a claim for the tort of outrage is already available in Kansas. *See id.* at 919-20. Similarly, in *Osgood v. State Farm Mutual Automobile Insurance Co.*, 848 F.2d 141 (10th Cir. 1988)—a case cited by defendant—the Tenth Circuit specifically stated that Kansas's failure to recognize the tort of bad faith does not necessarily bar other types of tort claims against an insurer, such as outrage or misrepresentation claims. *See id.* at 144. In this case, plaintiff has alleged outrage and misrepresentation claims based, at least in part, on conduct by defendant separate from its denial of his insurance claim.

---

[1]The Court agrees with defendant that Kansas law should govern these claims by plaintiff, a Kansas resident. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 U.S. 496 (1941) (in diversity action, forum state's choice-of-law rules govern which state's substantive law applies); *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985) (under Kansas law, tort actions are governed by the law of the state in which the tort occurred).

4

Defendant also argues that plaintiff's amended complaint does not contain sufficient factual allegations to state claims under Kansas law for outrage or for misrepresentation. In support of that argument, defendant has noted the particular elements for those causes of action, but it has not engaged in any analysis of plaintiff's particular allegations in each of these three counts. Nor, as noted above, has plaintiff engaged in any such analysis in his response brief. Nevertheless, the Court will consider the legal sufficiency of plaintiff's tort claims.

In his second count, plaintiff asserts a claim of outrage under Kansas law. "In Kansas, the tort of outrage is the same as the tort of intentional infliction of emotional distress." *See Valadez v. Emmis Communications*, 290 Kan. 472, 476 (2010) (citing *Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 278 Kan. 339 (2004)). To recover on such a claim, the plaintiff must show that the defendant's conduct was extreme and outrageous. *See id.*

> Conduct that rises to the level of tortious outrage must transcend a certain amount of criticism, rough language, and occasional acts and words that are inconsiderate and unkind. The law will not intervene where someone's feelings merely are hurt. In order to provide a sufficient basis for an action to recover for emotional distress, conduct must be outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society.

*See id.* (citation omitted).

In his outrage claim, plaintiff alleges the following conduct by defendant:

> 23. Within forty-five (45) days of the fire Sandy Della Ripa, agent for Allstate, requested Plaintiff's cell phone records. Plaintiff supplied cell phone records. Such records showed Plaintiff was in Oklahoma at the time of the fire.

> 24. Allstate has repeatedly asked for an authorization for bank records, even though Plaintiff supplied an authorization to Sandy Della Ripa, agent for Allstate.
>
> 25. Allstate's investigator found the cause of the fire to be undetermined. There was never any evidence of arson.

Paragraphs 23 and 25 of the amended complaint, taken together, suggest that plaintiff is actually complaining that defendant's payment of his claim should not be delayed or precluded by any argument that he caused the fire himself. Plaintiff also alleges that defendant has repeatedly asked him for records after he has already supplied them. The Court concludes, however, that such conduct is not extreme or outrageous as a matter of law. *See, e.g.*, *Wilson v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 261, 266-67 (10th Cir. 1991) (failure to pay insurance claims and agent's making ethnic slurs and derogatory comments about the plaintiff's gender did not constitute extreme and outrageous conduct as a matter of law); *Southern Star Central Gas Pipeline, Inc. v. Cline*, 754 F. Supp. 2d 1257, 1264 (D. Kan. 2010) (failure to make payments did not constitute extreme and outrageous conduct). Accordingly, this claim is subject to dismissal.

Plaintiff has not requested another opportunity to amend his complaint. Nevertheless, if plaintiff can allege additional factual bases that would support a valid claim of outrage under Kansas law, he may amend his complaint accordingly, on or before November 10, 2014.

The Court will address plaintiff's third and fourth counts together. In his third count, plaintiff alleges "intentional misrepresentation, or in the alternative, negligent misrepresentation," based on the following alleged misrepresentations:

6

> 32. . . . Allstate failed to inform Plaintiff of certain exclusions in Plaintiff's homeowner's policy. In fact, Sandy Della Rosa [*sic*], agent of Allstate, informed Plaintiff that there would be no trial and that he did not need an attorney.

In his fourth count, plaintiff alleges "fraud" based on the following allegations of "false representation or concealment":

> 37. Allstate repeatedly requested financial documents from the Plaintiff as the last thing Allstate needed before paying on the claim. That Plaintiff relied upon the request as the last necessary step before Allstate would pay on the claim. That reliance on the assertions of Allstate were done to the detriment to the Plaintiff as it has now been nearly two years and Allstate has failed to pay on the claim.
>
> 38. Allstate misrepresented to the Plaintiff through its adjuster, Sandy Della Ripa, that Plaintiff's hiring of an attorney was unnecessary and that Allstate intended to pay on the claim and that the matter would be resolved quicker without an attorney.
>
> 39. At no time did Allstate inform the Plaintiff that it did not intend to pay on the Plaintiff's claim. Allstate continues to insist, after two years, that the investigation into the fire continues though Allstate has done nothing for the majority of the time period to further the investigation or pay on the claim.

Thus, the alleged misrepresentations and omissions may be summarized as follows: (1) failing to inform plaintiff of certain exclusions; (2) stating that there would be no trial, that plaintiff did not need an attorney, and that the matter would be resolved more quickly without an attorney; and (3) stating that defendant only needed financial documents before it would pay on the claim, that the investigation continues, and that it intends to pay on the claim, and failing to inform plaintiff that it did not intend to pay.

Defendant cites *Brown v. Chaffee*, 612 F.2d 497 (10th Cir. 1979), in which the

7

Tenth Circuit noted that a plaintiff "cannot turn an action for breach of contract into an action for fraud by merely alleging reliance on representations that the contract would be performed and detriment from its breach." *See id.* at 503. Thus, plaintiff may not rest his misrepresentation claims on an allegation that defendant told him it would pay his claim, and any such claim is hereby dismissed. Plaintiff has alleged additional statements and omissions, however, and defendant has not explained how any such claims are deficient as a matter of law. Accordingly, the Court declines to dismiss claims based on other alleged misrepresentations pursuant to Fed. R. Civ. P. 12(b)(6).

Defendant also argues that plaintiff's misrepresentation claims do not satisfy Fed. R. Civ. P. 9(b), which provides that in alleging fraud, a party must state the circumstances constituting fraud with particularity. To comply with the rule, a complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *See Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006).

The Court agrees that plaintiff's complaint does not contain the necessary detail concerning the alleged misrepresentations by defendant. Plaintiff has not alleged when or where particular statements (or omissions) were made; nor has plaintiff alleged how he relied on any such statements to his detriment. For instance, plaintiff has alleged that defendant failed to inform him of exclusions, but it is not clear whether he is alleging such a failure occurring before he executed the insurance agreement or after the fire; nor is it clear how he could have justifiably relied on any such omission to his detriment.

8

Nor has plaintiff alleged how he justifiably and detrimentally relied on statements about his need for an attorney or the state of the investigation. Accordingly, plaintiff's misrepresentation claims are subject to dismissal. Plaintiff will be permitted, however, to amend his complaint to allege his misrepresentation claims with particularity in accordance with Rule 9(b).[2]

Finally, the Court addresses plaintiff's claim for punitive damages. Defendant cites *Osgood* for the Tenth Circuit's statement of the rule under Kansas law that "in actions for breach of contract, damages generally are limited to the pecuniary losses sustained[, and] exemplary or punitive damages are not recoverable in the absence of an independent tort which causes additional injury to the complaining party." *See id.* at 143 (citing *Plains Resources, Inc. v. Gable*, 235 Kan. 580, 593-94 (1984)). In response to this argument, plaintiff has not explained how he suffered an injury separate from his contract damages, such that he could pursue a claim for punitive damages. Plaintiff does note in his response that he has changed his alleged damage amounts. The allegations

---

[2]Because plaintiff's negligent misrepresentation claim is based on statements that are also alleged to support a claim for intentional misrepresentation, plaintiff will necessarily elaborate on the bases for the former claim in amending the latter. Accordingly, the Court need not determine whether Rule 9(b) applies to negligent misrepresentation claims. *See Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (although Rule 9(b) does not apply to negligent misrepresentation claims by its terms, court applies the rule where the fraud and negligent misrepresentations claims are based on the same set of alleged facts); *D&K Ventures, LLC v. MGC, LLC*, 2009 WL 1505539, at *8 (D. Kan. May 27, 2009) (Lungstrum, J.) (declining to resolve question where claims were based on same alleged misrepresentations).

9

that contract damages *exceed* $75,000 and that tort damages *exceed* a larger figure, however, do not necessarily equate with an allegation that he suffered any injury in addition to his contract damages.[3] As noted above, plaintiff has not alleged how he relied to his detriment on any particular misrepresentations by defendant.

Because the Court has ruled that plaintiff's tort claims are subject to dismissal, plaintiff's claim for punitive damages must also be dismissed at this time. As stated above, plaintiff may amend his complaint once again to attempt to plead sufficient tort claims. In any such amended complaint, however, a claim for punitive damages must be supported by an allegation that plaintiff suffered a separate injury in addition to any injury from the alleged breach of contract.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss Counts 2, 3, and 4 of plaintiff's amended complaint is **granted**, and those claims are hereby dismissed. Plaintiff is granted leave to amend those claims, on or before **November 10, 2014**, to cure the pleading deficiencies noted herein.

---

[3]It would appear that, in amending the damage amounts, plaintiff may have been attempting to make *Osgood* distinguishable, as in that case, the court, in upholding the dismissal of a punitive damage claim, noted that the plaintiff in her complaint had alleged the same amount of actual damages on both her contract and tort claims. *See Osgood*, 848 F.2d at 144. Because he has not used specific damage figures, however, plaintiff has not succeeded in alleging facts to show an additional injury that could support punitive damages under a tort theory.

IT IS SO ORDERED.

Dated this 28th day of October, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
